## ALLEN v. ALLEN.

Circuit Court, Dade County.

October 9, 1957.

Verne L. Freeland, Miami, for plaintiff.

Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

Since the hearing before me (on the jurisdictional question of residence) I have reviewed and considered carefully the evidence submitted; and I find that the plaintiff has failed to prove, by a preponderance of evidence, that at the time of the institution of this suit he had been a bona fide resident of this state for the required statutory period.

My finding is not based entirely on what is reflected by the cold typed transcript of the testimony adduced before me, but is based also (and to a considerable and substantial extent) on what is not reflected by such transcript. I have had the benefit and advantage of personally observing the manner and demeanor of the plaintiff as he testified before me; his obvious insincerity and evasiveness; his hesitancy as he endeavored to give the "right" answers to questions; and his facial distortions as he underwent the ordeal of striving to convince me, by some pretense of residence, that this court should entertain the suit of a transient who is seeking release from his marital ties. My common sense and my experience in human affairs have been drawn on in evaluating his testimony. I give no credence to his claim that he had been a bona fide resident of this state for more than a year before he brought the suit. The testimony of his "corroborating" witnesses—his sister and a friend—was of no real value. They merely made the usual and routine effort to fortify a baseless claim of permanent residence and their testimony did not supply the deficiencies of the plaintiff's own testimony.

If a jury of six or twelve intelligent and honest men had been empowered to determine the facts and had heard the testimony which I heard, I am sure that their conclusion would have been the same as that to which I have been impelled. Surely, as the trier of the facts in this equity suit, I have no less power than a jury has in a law action to decide what the truth is. Certainly I am not required to accept pretense as fact in matrimonial litigation when the pretense is an insult to my intelligence.

The truth in this case is evident to me. The plaintiff is employed as a traveling salesman by the International Steel Wool Corpora-

tion of Springfield, Ohio. He has been so employed for nineteen years. He travels, in the performance of his duties, in the states of New York, Pennsylvania, Delaware, Maryland and Virginia and in the District of Columbia. Another salesman represents the company in Florida. At the time of the separation of the parties in 1952 they were residents of Jamestown, New York. They entered into a separation agreement on September 5, 1952, as a result of the execution of which the plaintiff acquired exclusive ownership of the home in which they had resided. He sold a half-interest in the property and used the proceeds of the sale in converting the dwelling into two apartments. His apartment in Jamestown is still his "headquarters." He has a bank account in Jamestown and another in Washington. His sister, in September, 1954, deeded him a half-interest in her home here, but his visits here are sporadic, infrequent and of short duration. Most of his time is devoted to his employment in the north. He arrived here, by plane, only two days before the hearing at which he testified. Although, in January, 1955, his sister filed in the office of the clerk of this court a declaration of domicile and citizenship signed by the plaintiff, he filed his 1954 and 1955 federal income tax returns with the collector of internal revenue at Buffalo, New York. His last vote was cast in New York. That he has not yet become a permanent resident of Florida is evidenced by his own testimony that he intends "to become a resident and live here in Florida *as soon as I am able to quit my present job and retire.*" The plaintiff's friend, George C. Chambers, who testified as a "corroborating" witness, related a conversation in which the plaintiff, three or four years ago, had said that "he had intentions of becoming a resident of Florida . . . because when he got done, when he got a little older, he would like to retire and live down here." The plaintiff, however, has not yet retired and he has not yet come here to live.

The filing of the "declaration of domicile and citizenship," the purchase by the plaintiff of a Florida license plate for an automobile which he bought in Maryland, the listing of his name, with that of his sister, in the telephone directory as an "occupant" of the dwelling they both own and in which she and her family reside, his keeping of a few clothes in a closet of his sister's home, his registration, a month after the institution of this suit, as an elector of the town of North Miami, and other sham indicia of residence, have not deceived me. The plaintiff's roots are still in New York, despite his easily fabricated pretenses.

Accordingly, the cause is dismissed at the plaintiff's cost on the indicated jurisdictional ground.